Filed 12/11/20  P. v. Singh CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075484 |
| v. | (Super.Ct.No. FSB1402703) |
| MICHAEL J. SINGH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL HISTORY

On December 29, 2015, a jury convicted defendant and appellant Michael J. Singh with murder under Penal Code section 187, subdivision (a) (count 1); attempted premeditated murder under Penal Code sections 664 and 187, subdivision (a) (counts 2

1

and 3); and street terrorism under Penal Code section 186.22 (count 4). The jury also found true the following: (1) a principal personally discharged a firearm causing great bodily injury or death under Penal Code section 12022.53, subdivisions (d) and (e)(1) s to counts 1 through 3; (2) a principal discharged a firearm under Penal Code section 12022.53, subdivisions (c) and (3)(1); and (3) the offenses were committed for the benefit of a criminal street gang under Penal Code section 186.22, subdivision (b)(1)(C). Moreover, the jury found the murder in count 1 to be first degree murder, and that the attempted murders were willful, deliberate, and premeditation.

Defendant waived his right to a jury trial regarding the prior conviction allegations. The amended information alleged that defendant (1) suffered a prior conviction that constituted both a strike offense under Penal Code sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d); and a serious felony offense under Penal Code section 667, subdivision (a); and suffered three prison priors under Penal Code section 667.5, subdivision (b). After a court trial, the trial court found the prior convictions to be true.

On March 20, 2017, the trial court sentenced defendant to a determinate term of 48 years in prison and an indeterminate consecutive term of 135 years to life in prison. The indeterminate term was calculated as 75 years to life on count 1, consisting of 25 years to life for first degree murder, doubled for the prior strike conviction, and an additional 25 years to life for the gun enhancement; and 30 years to life each for counts 2 and 3, consisting of 15 years to life, doubled due to the prior strike conviction. The determinate term consisted of 20 years for each of counts 2 and 3 for the gun enhancements in those

2

counts, plus five years for the serious felony prior, and one year for each of the three prison priors. Pursuant to Penal Code section 654, the sentence on count 4 for participating in a criminal street gang was stayed.

Following an appeal, we issued an opinion, granted rehearing, and filed a new opinion. (*People v. Singh* (Nov. 22, 2019, E067985) [nonpub. opn.].) Relevant to this appeal, we reversed defendant's attempted murder convictions in counts 2 and 3. We also ordered the matter remanded for resentencing after January 1, 2020, for the trial court to exercise its discretion under Penal Code section 12022.53, subdivision (h), as to the firearm enhancement in count 1; and as to the serious felony prior under Penal Code section 667, subdivision (a); and for the court to consider the applicability of Senate Bill No. 136 as to the prison priors under Penal Code section 667.5, subdivision (a). (E067985 Opn. at pp. 73-74.)

After the case was remanded by our court on July 31, 2020, the People elected not to retry defendant on the attempted murder counts. Thereafter, defendant was resentenced to 50 years to life on count 1, consisting of 25 years to life for first degree murder, doubled pursuant to the "Three Strikes" law. The firearm enhancement and serious felony prior were each ordered stricken in the interests of justice. Thereafter, the court imposed a concurrent term for count 4.

On August 7, 2020, defendant filed a timely notice of appeal. On September 25, 2020, we granted defendant's motion for judicial notice filed on September 4, 2020, and took judicial notice of the record in case No. E067985.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and has informed this court that "Counsel has thoroughly reviewed the record in this case and consulted with Appellate Defenders, Inc." and the brief "summarize[d] the proceedings and facts with citation to the transcript." Moreover, "counsel acknowledges that some justices have expressed a strong desire for listing issues under *Anders v. California* (1967) 386 U.S. 738, but counsel has carefully weighed the situation and concluded that the approach needed to promote the client's interests in this particular case to invite court review of the record unfettered by counsel's prior thought processes."

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER _____
Acting P. J.


We concur:


CODRINGTON _____
J.


SLOUGH _____
J.